

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 10 2024
BY _____ ARTHUR JOHNSTON DEPUTY

# PLEA AGREEMENT

| Subject | Date |
|---|---|
| United States v. Jason L. Crace<br>Criminal No. 2:24-CR-19-KS-MTP | ~~May ___, 2024~~<br>July 10, 2024 |

**To:**

Jonathan Bont
Frost Brown Todd

Winfield D. Ong
Dentons

John M. Colette
John M. Colette & Associates

**From:**

Richard J. Hagerman
William Montague
Matthew Hicks
Trial Attorneys
U.S. Department of Justice
Tax Division

Charles Kirkham
Assistant United States Attorney
Southern District of Mississippi

Jason L. Crace, Defendant herein, and Jonathan Bont, Winfield D. Ong, and John M. Colette, attorneys for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1. **Count of Conviction.** It is understood that, as of the date of this Plea Agreement, Defendant and Defendant's attorney have indicated that Defendant desires to plead guilty to Count One of the information.

2. **Sentence.** Defendant understands that the penalty for the offense charged in Count One of the information, charging a violation of Title 26, United States Code, Section 7206(2), is not more than three years in prison; a term of supervised release of not more than one year; and a fine of up to $250,000, or twice the gross pecuniary gain or gross pecuniary loss,

1

together with the costs of prosecution. Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives; further, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions.

3. **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

4. **Indictment Waiver.** Defendant understands that he has been accused of an offense punishable by imprisonment for more than one year. He understands that, with respect to that offense, he has the right to have the evidence and charge against him presented to a federal grand jury for determination of whether there is probable cause to believe he committed the offense for which he is charged. Understanding that right, and after full and complete consultation with his counsel, Defendant agrees to waive in open court his right to prosecution by Indictment and agrees that the government may proceed by way of an Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

5. **Breach of This Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of this Plea Agreement or commit any further

crimes, then, at its discretion, the United States Attorney's Office ("U.S. Attorney") and the United States Department of Justice, Tax Division ("Tax Division") may treat such conduct as a breach of this Plea Agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney and the Tax Division have not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge.

6. **No Further Charges.** The U.S. Attorney and the Tax Division will not further criminally prosecute Defendant for the specific conduct described in the Information or Statement of Facts accompanying this Plea Agreement.

7. **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than the day the guilty plea is entered and provide same to the undersigned Assistant United States Attorney. Defendant also agrees to provide all of Defendant's financial information the Probation Office

3

and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

8. **Transferring and Liquidating Assets.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets directly or indirectly held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

9. **Restitution.** Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $2,532,936, pursuant to 18 U.S.C. § 3663(a)(3).

   a. Defendant agrees the total amount of restitution reflected in this agreement results from his fraudulent conduct, as detailed in the accompanying Statement of Facts.

   b. Defendant agrees restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the

amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See id.* Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

  c. Defendant is entitled to receive credit for restitution paid pursuant to this agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. He understands and agrees this agreement does not resolve his civil tax liabilities, the IRS may seek additional taxes, interest, and penalties from his relating to the conduct covered by this Plea Agreement and for conduct relating to another period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise his obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

  d. Defendant understands he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

  e. Defendant agrees to make a complete and accurate financial disclosure to the undersigned AUSA, Tax Division, and Probation Office **within 60 days of this agreement** on IRS Forms 433-A and Form 433-B and a Department of Justice Financial Statement. Defendant will provide financial records to the AUSA, Tax Division, or Probation Office upon request. Defendant also agrees to participate in a pre-sentencing debtor's examination if requested. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

  f. If Defendant makes a payment of the restitution agreed to in this section prior to

5

sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this section.

  g. Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

>501 E. Court Street
>Suite 2.500
>Jackson, MS 39201

  h. With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the defendant will provide the following information: his name and Social Security number; the district court and the docket number assigned to this case; the tax years for which restitution has been ordered; and a statement that the payment is being submitted pursuant to the Court's restitution order.

  i. Defendant agrees to include a request that the Clerk of the Court send the information, along with his payments, to the IRS address below:

>IRS – RACS
>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

  j. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed above, to the IRS at the same address as above.

  **10.** **<u>Future Direct Contact with Defendant</u>.** Defendant and Defendant's attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorney understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after

sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

11. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this Plea Agreement and accompanying plea supplement, hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):

    a.    the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

    b.    the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this

case, and

    c.    any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

    d.    all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

    e.    Defendant further acknowledges and agrees that Defendant's attorney has advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement, accompanying plea supplement, and accompanying Statement of Facts, along with any and all factual statements made, adopted, or admitted by Defendant in any form or forum, including at Defendant's plea hearing, can be used against Defendant, without limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse to fulfill any part of this Plea Agreement and accompanying Plea Supplement and/or should Defendant commit any further crimes, regardless of whether this Plea Agreement and accompanying Plea Supplement have been accepted by the Court.

12.    **Factual Issues**. Defendant agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further

8

agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

**Defendant waives these rights in exchange for the United States Attorney entering into this Plea Agreement and accompanying plea supplement.**

**[Page left intentionally blank]**

13. **Complete Agreement.** It is further understood that this Plea Agreement and the Plea Supplement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi, the Tax Division of the U.S. Department of Justice, and Defendant.

**Defendant and Defendant's attorney of record declare that the terms of this Plea Agreement have been:**

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;
4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

Dated:

TODD W. GEE
United States Attorney

By:

_____ 07/10/2024
Jason Crace
*Client*

_____ 07/10/2024
Charles Kirkham
*Assistant United States Attorney*

_____ 07/10/2024
Jonathan Bont
Winfield Ong
John Collette
*Counsel for Mr. Crace*

_____ 07/10/2024
William Montague
Richard J. Hagerman
Matthew Hicks
*Trial Attorneys, Tax Division*

10